UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| EDWARD C. HUGLER, | ) | |
| Acting Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RIVIERA STONEWORKS, INC; | ) | |
| HOOD'S DISCOUNT HOME CENTER | ) | |
| OF FOLEY, INC., AND | ) | |
| MICHAEL J. HOOD, an individual; | ) | |
| | ) | |
| Defendants. | ) | **C O M P L A I N T** |
| | ) | **(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendants Riviera Stoneworks, Inc., Hood's Discount Home Center of Foley, Inc. and Michael J. Hood (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of §§ 7, and 11 of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to have Defendants restrained from withholding unpaid wages, together with an equal amount as liquidated damages.

I

Jurisdiction hereof is conferred upon the Court by § 17 of the Act, 29 U.S.C. § 217, to enjoin violations of the Act and to restrain the withholding of back wages due under the Act; and by 28 U.S.C. § 1345 to award additional amounts, equal to back wages due, as liquidated damages under § 16(c) of the Act, 29 U.S.C. § 216(c).

II

A. Defendant Riviera Stoneworks, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Foley, Alabama, engaged in manufacturing stoneworks.

B. Defendant Hood's Discount Home Center of Foley, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Foley, Alabama, engaged in retailing home goods.

C. Defendant Michael J. Hood, an individual doing business in Baldwin County, Alabama, at all times hereinafter mentioned was or has been the president and sole owner of each of the aforementioned corporations and acted directly or indirectly in the interest of the aforesaid corporations in relation to their employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

Beginning in 1992, Defendant Michael J. Hood operated Hood's Discount Home Center of Foley, Inc., a retail business selling home furnishings and decorative yard items. In 2000, Defendant Hood formed Riviera Stoneworks, Inc. a small-scale manufacturing plant whose workers produced items to be sold at Hood's Discount Home Center of Foley, Inc. Both businesses operated at 1918 North McKenzie Street, Foley, Alabama.

IV

At all times hereinafter mentioned:

A. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since 2013, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed, by compensating such employees at the same rate of pay for all hours worked.

V

Since 2013, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VI

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A. Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

B. Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial);

C. And for such other and further relief as may be necessary and appropriate including costs of this action.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5471
 (404) 302-5438 (FAX)
 abreu.jean.c@dol.gov
 ATL.Fedcourt@dol.gov

NICHOLAS C. GEALE
Acting Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel


By: */s/ Jean C. Abreu*
    JEAN C. ABREU
    Trial Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.

SOL Case No. 16-00634