UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>RIVIERA STONEWORKS, INC;<br>HOOD'S DISCOUNT HOME CENTER<br>OF FOLEY, INC., AND<br>MICHAEL J. HOOD, an individual;<br><br>Defendants. | Case No. 1:17-cv-00167-KD-B |

## CONSENT JUDGMENT AND ORDER

This cause came on for consideration upon the Parties' motion and consent to the entry of this Judgment, without further contest.

Secretary Acosta has filed his complaint and the Defendants, without admitting or denying any of the allegations of the Complaint and without admitting or denying that they have violated any provision of the Fair Labor Standards Act of 1938, have agreed to the entry of judgment without contest. For good cause shown, the Parties' Motion is granted and it is;

ORDERED, ADJUDGED and DECREED that Defendants Riviera Stoneworks, Inc., Hood's Discount Home Center of Foley, Inc., and Michael J. Hood (referred to herein collectively as "Defendants"), their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof, are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

1. They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

2. They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

3. They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that a JUDGMENT is entered against Defendants for back wages in the total amount of $16,279.87, plus liquidated damages in the amount of $12,027.47, which are due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Judgment, Defendants shall, within 30 days from entry of this Judgment, deliver to the individuals identified in Schedule "A" attached hereto the amounts which are set forth in Schedule "A". Defendants will distribute such amounts to the named employees or to their personal representatives, less all legally mandated deductions, including income tax and the employee's share of F.I.C.A.

Within 30 days of making such payments, Defendants will provide Plaintiff proof of such payment in the form of Forms WH-58 signed by each individual to whom said amounts have been paid. Defendant shall provide a copy of each Form WH-58 to:

> Patricia Chambers
> Assistant District Director – Mobile Area Office
> U.S. Department of Labor
> Wage & Hour Division
> 1119 Government Street 4407
> Mobile, AL 36604

For any individuals listed on Schedule "A" to whom Defendants are unable to deliver the payments set out on Schedule "A" hereto within the time required herein, Defendants shall, within 30 days of such date, deliver to the United States Department of Labor, Wage and Hour Division, 60 Forsyth Street, S.W., Room 7M40, Atlanta, Georgia 30303, certified or cashier's checks or money orders made payable to such individuals or "Wage and Hour Division--Labor," for the net amount due after appropriate deductions for income tax and the employee's share of F.I.C.A. In the event of default by Defendants in making such payment, post-judgment interest shall be assessed on any unpaid amount at the rate established pursuant to 28 U.S.C. § 1961. Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder.

Plaintiff, thereupon, shall distribute payments to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. It is

FURTHER ORDERED that each party shall bear his or her own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This 11th day of January 2018.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE

# SCHEDULE "A"

| Name: | Dates of Recovery: | Back Wages: | Liquidated Damages: | Total Owed to Employee: |
|---|---|---|---|---|
| Baker, Kenneth | 11/8/2014 – 12/2/2014 | $ 55.00 | $ 38.50 | $ 93.50 |
| Barkley, Garrett | 11/11/2014 - 6/9/2015 | $ 52.50 | $ 52.50 | $ 105.00 |
| Belanger, Fred | 7/22/2014 - 7/14/2015 | $ 92.88 | $ 92.88 | $ 185.76 |
| Boone, Todd | 5/5/2015 – 7/28/2015 | $ 579.00 | $ 405.30 | $ 984.30 |
| Boyington, Scott | 7/15/2014 - 3/17/2015 | $ 36.00 | $ 36.00 | $ 72.00 |
| Brown, Dewayne | 4/22/2014 –11/11/2014 | $ 1,469.80 | $ 1,028.86 | $ 2,498.66 |
| Bulter, Jerry | 4/22/2014 - 9/2/2014 | $ 1,001.00 | $ 700.70 | $ 1,701.70 |
| Crook, Jonathan | 4/22/2014 – 8/4/2014 | $ 1,385.75 | $ 970.03 | $ 2,355.78 |
| Gomez, Juan | 1/27/2015 – 2/17/2015 | $ 151.00 | $ 151.00 | $ 302.00 |
| Greggs, Roxanne | 6/24/2014 – 7/28/2015 | $ 739.50 | $ 739.50 | $ 1,479.00 |
| Kelly, Cedrick | 4/22/2014 – 5/13/2015 | $ 2,618.00 | $ 1,832.60 | $ 4,450.60 |
| McClantoc, Adam | 12/16/2014-6/30/2015 | $ 32.00 | $ 32.00 | $ 64.00 |
| McGhee, Clifford | 4/22/14 – 5/19/2015 | $ 5,175.00 | $ 3,622.50 | $ 8,797.50 |
| Pastrana, David | 6/24/2014 –11/25/2014 | $ 56.28 | $ 56.28 | $ 112.56 |
| Pate, Jermaine | 11/8/2014 –12/30/2014 | $ 212.00 | $ 148.40 | $ 360.40 |
| Peters, Tywain | 4/22/14 – 4/28/2015 | $ 235.28 | $ 164.70 | $ 399.98 |
| Pogue, Timothy | 11/8/2014 –11/18/2014 | $ 59.00 | $ 41.30 | $ 100.30 |
| Powell, Eliot | 4/29/2014 – 6/24/2014 | $ 31.25 | $ 21.88 | $ 53.13 |
| Rogers, Kelly | 12/16/2014 – 8/4/2015 | $ 187.50 | $ 187.50 | $ 375.00 |
| Rose, Shawn | 1/27/2015 – 2/3/2015 | $ 46.00 | $ 46.00 | $ 92.00 |
| Sanderson, Bradley | 9/16/2014 – 11/4/2014 | $ 145.00 | $101.50 | $ 246.50 |
| Scott, Stephen | 2/3/2015 – 7/21/2015 | $ 30.00 | $30.00 | $ 60.00 |
| Smith, Raymond C. | 7/15/2014 – 8-5/2015 | $433.00 | $433.00 | $ 866.00 |

# SCHEDULE "A"

| Name | Dates | | | |
|---|---|---|---|---|
| Talley, Kenneth | 12/9/2014 –12/30/2014 | $ 102.00 | $71.40 | $ 173.40 |
| Todd, David | 7/22/2014 –8/4/2015 | $ 124.13 | $ 124.13 | $ 248.26 |
| Troha, Troy | 7/22/2014 – 3/3/2015 | $ 126.00 | $126.00 | $ 252.00 |
| Watson, Chris | 11/8/2014 –12/23/2014 | $ 179.00 | $ 125.30 | $ 304.30 |
| Williams, Quzone | 4/22/2014 – 9/30/2014 | $ 926.00 | $ 648.20 | $ 1,574.20 |

**TOTAL:**     **$ 28,307.83**